## Simpkins v. Dodolak

MEMORANDUM OPINION BY REILLY, P.J., SEPT. 23, 1980:

This matter comes before the court upon plaintiff's motion for judgment on the pleadings. The facts involved are simple. On October 1, 1956, Francis V. Spene, the owner of two life insurance policies, one with Western Pennsylvania Teamsters and Motor Carriers Welfare Fund in the amount of four thousand ($4,000) dollars, and one with Republic National Life Insurance Company in the amount of eight thousand ($8,000) dollars, designated, his then wife, Wanda S. Spene, as his beneficiary. On September 6, 1967, the parties were divorced by decree entered by the Court of Common Pleas of Clearfield County, Pennsylvania.

Francis V. Spene then died on August 3, 1978, and at the time of his death, Wanda S. Spene remained named as beneficiary in both policies, even though the policies reserved to the insured, Francis V. Spene, the right to designate or change his beneficiary at any time. Following the death of Francis V. Spene, Wanda S. Spene made a claim for the death benefits under the policies, and plaintiff above-named instituted these proceedings against Wanda S. Spene and the two insurance carriers. Wanda S. Spene has since died and an amended complaint was filed naming her estate as defendant. Plaintiff now seeks judgment on the pleadings which this court does herein grant.

The question of which estate is entitled to the proceeds of the two insurance policies involved is determined by the Act of 1978, April 18, P.L. 42, No. 23, §7(20 Pa. CSA 6111.1), which became effective June 18, 1978, and reads as follows:

"If the conveyor is divorced from the bonds of matrimony after making a conveyance, all provisions in the conveyance which were revocable by him at the time of his death and which were to take effect at or after his death in favor of or relating to his spouse so divorced shall thereby become ineffective for all purposes."

The issue is determined by the definition of the word "conveyance" as used in said statute, and specifically, whether it includes the name of a beneficiary in a life insurance policy. A conveyance is defined in paragraph 6101 of the Act as:

". . . an act by which it is intended to create an interest in real or personal property whether the act is intended to have inter vivos or testamentary operation."

In the Act, immediately preceding 6111.1 and which was repealed thereby, life insurance contracts were specifically excluded from the scope of the "conveyance of assets". In regards to a wife's marital rights upon election to take against the will of a deceased husband, there is no such exclusion in the present Act with which we are concerned, and therefore, it can logically be inferred that the legislature intended no such exclusion in the present statute. Therefore, since Francis V. Spene died after 6111.1 became effective, and in view of the fact that prior to his death, he retained the power to change the beneficiaries on the policies in question, this court is of the opinion that the statute acts to revoke the rights of Wanda S. Spene in and to the proceeds of the policies in question.